UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CONNIE B. ROVIGO,**

                        **Plaintiff,**

                    v.

**THE BANK OF NEW YORK
MELLON,** as Trustee for the
Alternative Loan Trust 2005-55CB,
**et al.,**

                    **Defendants.**

1:15-cv-687
(GLS/CFH)

_____

## SUMMARY ORDER

Plaintiff *pro se* Connie Rovigo commenced this action against defendants The Bank of New York Mellon,[1] as the Trustee for the Alternative Loan Trust 2005-55CB, Select Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., and Does 1-10 alleging a violations of state law arising from a mortgage on a property located at 739 County Route 19, Elizaville, New York 12523. (Compl., Dkt. No. 1.) Defendants subsequently filed a motion to dismiss. (Dkt. No. 14.)

Although not raised by either party, the court must first address

---

[1] Rovigo incorrectly identified "The Bank of New York" as a defendant in her complaint. (Dkt. No. 8, Attach. 2; Dkt. No. 14, Attach. 4 at 1 n.1.) The court directs the Clerk to amend the caption to read "The Bank of New York Mellon."

whether it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("Where jurisdiction is lacking, . . . dismissal is mandatory." (internal quotation marks and citation omitted)). Rovigo invokes this court's diversity jurisdiction alleging that the plaintiff and defendants are diverse and the amount in controversy exceeds $75,000. (Compl. ¶¶ 1, 4, 6, 8, 11, 13-17, 132.) As relevant here, diversity jurisdiction over civil actions requires that "the matter in controversy exceeds the sum or value of $75,000 . . . , and is between citizens of different states." 28 U.S.C. § 1332(a)(1). As such, there must be "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). "The party asserting jurisdiction bears the burden of proof." *Id.*

Here, both Rovigo and The Bank of New York Mellon are citizens of New York, thereby precluding complete diversity between plaintiff and defendants. (Compl. ¶¶ 1, 4, 14-15.); *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980) (holding that trustees of a business trust invoke their own citizenship for the purposes of diversity jurisdiction). As Rovigo has only raised state law claims to challenge the validity of her mortgage,

2

(*see generally* Compl.), the court does not have jurisdiction to hear the case on the basis of 28 U.S.C. § 1331 either. To the extent that Rovigo seeks leave to amend to add additional state law claims, such amendment would be futile because the court would still lack jurisdiction. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); 28 U.S.C. § 1332(a)(1).

Accordingly, it is hereby

**ORDERED** that Rovigo's complaint (Dkt. No. 1) is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that defendants' motion (Dkt. No. 14) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

December 6, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge